```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 10-60880-Civ-COHN
                                  MAGISTRATE JUDGE P.A. WHITE
```

ANTHONY D. GARLAND,            :

    Petitioner,            :

v.                             :          REPORT OF
                                          MAGISTRATE JUDGE
WALTER A. McNEIL,              :

    Respondent.            :

## Introduction

Anthony D. Garland, who is presently confined at the Florida State Prison in Raiford, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction and sentence in case number 05-006448 in the Circuit Court of the Seventeenth Judicial Circuit Court of Broward County.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the petition for writ of habeas corpus with supporting memorandum and documentary exhibits (DE#1, hereinafter "Petition")[1], the Respondent's response to an order to show cause and appendix of exhibits (DE#15&18, hereinafter "Response"), and Petitioner's Reply to the Response (DE##17, 20, 21

---

[1] The petition and attached exhibits total 59 pages. Because it is difficult to read petitioner's hand-written designations on the exhibits, the Court will refer to the total consecutive page numbers as reflected on the docket when citing the petition (i.e. pp. 1 - 59).

1

& 22,[2] hereinafter "Reply"). On June 18, 2010, the Court ordered petitioner to respond regarding the limitations period by July 19, 2010, and to state whether his motion is timely filed under one of the four enumerated grounds listed in §2254(d)(1). To date, the Court has not received any such response.

Petitioner claims that his conviction is unlawful and unconstitutional because there was no probable cause for the charges of which he was convicted, and that he was never arrested for or informed of those charges (Petition, p. 4; see, also, pp. 48 & 50).[3]

## Procedural History

On November 28, 2005, Petitioner plead guilty to one count of accessory after the fact and one count of grand theft in the 3rd degree. (Petition, p. 24; Response, Exh. 2). On that same date, Petitioner was sentenced to a suspended sentence of 18 months, and to 3 months of community control followed by 24 months of probation. (Petition, p. 24). Petitioner did not pursue a direct appeal. (Petition, p. 2; Response, Exh. 2). Thereafter, it was alleged that petitioner was in violation of either probation or community control. The precise procedural history is unclear on this point, but the record reflects and the parties agree that these charges were ultimately dismissed and that petitioner was found not guilty of any alleged violation. (See, Petition, p. 26; Response, Exh. 2; see, also, Petition, pp. 5, 39 - 40, 51-52; Response, p. 2).

---

[2] For reasons unknown to the Court, Petitioner filed the identical Reply on four different dates.

[3] According to Petitioner, his claim stems from the alleged fact that he was originally arrested on different charges.

On January 7, 2009, Petitioner filed a motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.850, raising the same arguments that he raises here. (Response, Exh. 2, 3). On March 28, 2009, the trial court denied the motion as untimely. (Response, Exh. 2, 5). Petitioner appealed the trial court's decision and, on February 3, 2010, the Fourth District Court of Appeal affirmed the order in a per curiam decision. (Response, Exh. 6). The mandate issued on March 5, 2010. (Response, Exh. 7).

On May 18, 2010, Petitioner filed the instant petition. (Petition, p. 1).

## Discussion

As correctly asserted by the respondent, the Court has no jurisdiction to entertain this petition. Title 28, U.S.C. §2254(a) gives the district courts jurisdiction to entertain petitions for habeas corpus relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." The "in custody" requirement is satisfied if a petitioner is incarcerated as a result of the conviction or sentence under attack at the time the petition is filed. Carafas v. LaVallee, 391 U.S. 234, 238 (1968). On the other hand, if the sentence imposed for a conviction has fully expired, the conviction is no longer subject to habeas corpus attack. Maleng v. Cook, 490 U.S. 488 (1989)(holding that a petitioner is not in custody and thus cannot challenge a conviction when the sentence imposed for that conviction has expired). The "in custody" requirement is construed liberally and is met if the petitioner, although not physically confined, is subject to conditions such as probation, parole, bail or supervised release. Id. at 491. It has never been extended, however, to situations where the petitioner suffers no present restraint from a conviction. Id. at 492.

Here, the sentence in the case petitioner is challenging was completed at the latest on or about January 2008, after petitioner completed the 3 months community control followed by the 24 months of probation. He is presently confined pursuant to an unrelated 10-year sentence for battery on a law enforcement officer in Broward County Circuit Court case number 05-019391, which was imposed on March 2, 2007. (www.dc.state.fl.us; Response, Exh. 1). Petitioner is thus not "in custody" subject to the expired sentence in the instant case.

Petitioner alleges that he was sentenced as a habitual offender in case number 05-019391 based on the prior conviction in the instant case. (Reply, p. 2). Assuming that were true and that petitioner could satisfy the "in custody" requirement on that basis, see, Id. at 493-92, petitioner would still not be entitled to challenge the prior conviction. In Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001), the Supreme Court held that if a prior conviction is no longer open to direct or collateral attack in its own right because the defendant either failed to pursue post-conviction remedies while they were available or did so unsuccessfully, then the defendant may not collaterally attack his prior conviction through a proceeding pursuant to §2254, even if he is currently serving a sentence that was enhanced by that earlier conviction. Lackawanna, 532 U.S. at 403-04; see, also, Daniels v. United States, 532 U.S. 374, 382 (2001). The only exception to this rule is if the prior conviction was obtained in violation of the defendant's right to counsel, as set forth in Gideon v. Wainwright, 372 U.S. 335 (1965). Lackawanna, 532 U.S. at 404; Daniels, 532 U.S. at 382. That is clearly not the situation here. As the record reflects, petitioner was in fact represented by counsel. (Response, Exh. 2).

As the above set forth procedural history demonstrates, petitioner's state collateral challenge to the subject convictions

4

concluded unsuccessfully.  The state trial court denied his motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.850 as time-barred, and the Court of Appeals affirmed the trial court's unfavorable ruling.  Under these circumstances, the subject convictions are now no longer open to direct or collateral attack in their own right, and petitioner therefore cannot collaterally attack them in this §2254 proceeding.  Lackawanna, 532 U.S. at 404; see, also, Unger v. Moore, 258 F.3d 1260, 1263-64 (11th Cir. 2001); Means v. Alabama, 209 F.3d 1241, 1242 (11 Cir. 2000).  Dismissal of this petition for writ of habeas corpus is thus warranted.

Even if the Court did have jurisdiction to entertain this petition,[4] it still would be unable to reach the merits of the claim because the petition is time-barred pursuant to 28 U.S.C. §2244(d).[5]  As the record reflects, petitioner was sentenced on

---

[4] Respondent's pleadings state that petitioner was sentenced to 3 years community control, followed by 24 months probation.  (Response, p. 2; Response, Exh. 4, p. 1).  While this appears to be a typographical error (DE#1, p. 24, Circuit Court Disposition Order), if Respondent is correct, then petitioner would have been subject to probation in the instant case until October, 2010, and would therefore have still been "in custody" when the instant petition was filed in May of this year.  See, Carafas, 391 U.S. at 238; Maleng, 490 U.S. at 491.

[5] The statute provides that the limitations period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action  in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

5

November 28, 2005, and did not pursue a direct appeal. (Petition, p. 2; Response, Exh. 2).  The judgment therefore became final when the 30-day period for filing a notice in state court expired. <u>Colbert v. Head</u>, 146 Fed.Appx. 340, *2 (11th Cir. 2005); <u>Fla.R.App.P.</u> 9.110(b).  This federal petition for writ of habeas corpus was not filed until May 18, 2010, far-beyond one year after the judgement of conviction became final.  The petition is time-barred pursuant to 28 U.S.C. §2244(d)(1)(A), unless the limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. §2244(d)(2).

As indicated above, petitioner pursued collateral relief.  However, he is not entitled to tolling during the time the post-conviction proceedings remained pending, because he instituted the state court proceedings after the one-year limitation period had already expired.  <u>Tinker v. Moore</u>, 255 F.3d 1331, 1332 (11 Cir. 2001)(holding that a state petition filed after expiration of the federal limitations period cannot toll the period, because there is no period remaining to be tolled); <u>Webster v. Moore</u>, 199 F.3d 1256, 1258-60 (11 Cir. 2000)(holding that even properly filed state court petitions must be pending in order to toll the limitations period).

Petitioner has presented no valid justification for his failure to timely file his federal habeas corpus petition.  Indeed, he has failed to respond to the Court's order regarding the limitations period, and review of the record does not indicate any basis to extend the limitations period or excuse his delay in filing.  Accordingly, the instant petition is time-barred by the applicable limitations period, as the respondent contends.

<u>Conclusion</u>

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be dismissed for lack of jurisdiction and, in the alternative, as time-barred pursuant to 28 U.S.C. §2254(d)(1).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 4TH day of January, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Anthony D. Garland, <u>pro se</u>
     DC# L42997
     Florida State Prison
     7819 N.W. 228th Street
     Raiford, FL 32026

     Daniel P. Hyndman, AAG
     Office of the Attorney General
     1515 North Flagler Drive, Suite 900
     West Palm Beach, FL 33401-2299