UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60880-CIV-COHN

ANTHONY D. GARLAND,

Magistrate Judge White

    Petitioner,

vs.

STATE OF FLORIDA,

    Respondent.
_____/

## FINAL ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon the Report and Recommendation [DE 23] of Magistrate Judge Patrick A. White.  The Court notes that the Petitioner, Anthony Garland, has not filed any objections to the Report and Recommendation in this case, and that the time for filing such objections passed on January 21, 2011.

Even though no timely objections were filed, the Court has conducted a de novo review of the report and recommendation, and is otherwise fully advised in the premises.   The Magistrate Judge recommends denial based upon a lack of subject matter jurisdiction to hear this challenge to a completed sentence and conviction by a person no longer in custody, and even if he was considered to be in custody, that this petition is time-barred.

Plaintiff is in custody on other charges and seeks to collaterally attack a prior conviction for which he is no longer in custody.  This prior conviction for accessory after the fact and one count of grand theft in the third degree had a suspended sentence.  Report, p. 2.  Plaintiff is no longer in custody on these charges.  Plaintiff believes, however, that the conviction in this case was improper and caused him to be improperly labeled a habitual offender.  Because the prior conviction is no longer open to direct or

collateral attack, this Court is without subject matter jurisdiction to entertain this petition. Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001).

Even if Petitioner could be considered in custody because of the later consequences of the conviction he presently seeks to attack, the present Petition is untimely.  The judgment of conviction in state court became final thirty days after November 28, 2005, the day on which the judgment was entered on the conviction at issue.  Report, at pp. 5-6.  The state court denied a January 7, 2009 state court post-conviction relief motion as untimely.  A federal habeas corpus petition must be filed within one year from the date the underlying conviction is final.  All time during which there is no pending, properly filed application for state court post-conviction relief motion counts toward the federal limit of one year.  Tinker v. Moore, 255 F.3d 1331, 1335 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).  Therefore, this Court agrees with the Magistrate Judge that the Petition is time barred.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 23] is hereby **ADOPTED**;

2. The Petition is hereby **DISMISSED** for lack of subject matter jurisdiction;

3. The Clerk may close this case and deny any pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 26th day of January, 2011.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

copies to:

Anthony Garland, pro se (via CM/ECF mailing)